## Solomon Stroup, Plff. in Err., *v.* Isaac McCloskey.

Application of the description in a levy and sheriff's deed to the land is a question of fact for the jury.

An instruction to the jury, that the points of the compass specified in a description of land in a deed are to yield to the adjoiners, is correct.

(Decided May 17, 1886.)

Error to the Common Pleas of Clearfield County to review a judgment for defendant in an action of ejectment. Affirmed.

The facts appear in the charge of the court below as follows: This is an action of ejectment, brought by Solomon Stroup

NOTE.—Where a deed describes the land by courses and distances as well as by calls for adjoiners and abutters the latter will prevail in case of conflict, where the lines are not marked upon the ground (Duncan v. Madara, 106 Pa. 562; Ake v. Mason, 101 Pa. 17; Philadelphia & R. R. Co. v. Obert, 109 Pa. 193, 1 Atl. 398; McGowan v. Bailey, 155 Pa. 256, 25 Atl. 648); unless there is a mistake apparent in the call for an adjoiner (Brolaskey v. McClain, 61 Pa. 146).

against Isaac C. McCloskey, and is the kind of remedy resorted to by one party where he seeks to recover from another the possession of land.     By this action Stroup seeks to recover the possession of 6 acres and 80 perches of land situated in Karthaus township, Clearfield county.

There are certain principles of law about which there can be little dispute, although the application of these principles to the evidence in any given case may give rise to serious dispute.     In the view we take of this case we think it is a question for the court, as the leading facts are not disputed on the one side or the other, or are proven on the part of the defendant, and are not disproven or denied by any evidence offered on the part of the plaintiff.   .   .   .

In the outset of this the plaintiff offered a written contract for the purchase of this land, and rested.     If there was nothing else in the case—having shown the offer of the purchase money, or the offer to pay that which remained unpaid—the defendant would have been bound to make a deed; but the defendant (McCloskey), resisting this demand to recover possession of the land, has offered in evidence the records in this court of certain judgments upon which there was a levy upon certain land described as 25 acres, more or less, and bounded as set out therein, to which we will call your attention; also the evidence of the sheriff's sale of that property thus levied upon, and the purchase of it by himself (defendant).

Defendant asserts and claims that under this levy and sale and sheriff's deed to him he again became the owner of this land, and that therefore he has no right to give it up to plaintiff; that the plaintiff is not entitled to recover.     Whether that contention be true or not depends upon the construction that shall be placed upon the levy made by the sheriff, because that is the matter which is to determine the rights of these parties. Where a levy is plain and intelligible from its reading, its construction and application is for the court.     If that levy be taken on the ground, and it corresponds to the location of the land upon the ground, there can be no room for doubt, and the jury cannot have any question to pass upon.     Its construction in such case is for the court and is a question of law.     Where the facts are undisputed, it is wholly a question for the court to determine and instruct the jury what their verdict should be.

After the writ of execution in favor of W. S. L. Gilliland

against Solomon Stroup was lodged with the sheriff, he returns that "on the 20th of August, 1879, by virtue of the attached writ, I levied on the following described real estate, situated in Karthaus township, Clearfield county, Pennsylvania: east by public road; south by land of Isaac McCloskey; west by same; north by land of David Price; containing twenty-five (25) acres more or less, all cleared, having thereon erected a two-story frame house, frame barn, and outbuildings, to be sold as the property of Solomon Stroup."

Subsequently the sheriff makes a deed poll which has been offered in evidence in this case, in which the boundaries are identical with the boundaries called for in the levy, no varyings or discrepancies whatever.

How was this 25 acres, more or less, to be located? The defendant has offered in evidence and proved that the land of David Price does lie part way on the north of the land in dispute, and that it is bounded otherwise by the land of Isaac McCloskey on the west. The plaintiff has not attempted to disprove those facts as existing. As they are not disputed, they are to be taken as admitted. But the plaintiff has proved that the call for a public road on the east is a mistake; that the public road does lie on the south,—25 rods south of the land in dispute; that the call for Isaac McCloskey on the south is a mistake, and that no public road is found where it is called for: and the contention on the part of the plaintiff by his counsel is that these mistakes are to be considered by the jury as showing that the sheriff was mistaken as to the courses of north, south, east, and west, at the time he made this levy; that when he said "north" he must have meant east, and when he said "east by public road" he must have meant south by public road.

We cannot agree with this contention. The tract of land is to be located, where it does not call for marked lines or corners and does call for adjoining land, by these adjoiners, if they are found on the ground; so that if you take this levy and go upon the ground and find it calls for David Price's land lying on the north, you are bound to go to that call. If you find land called for on the west, and upon an examination of the ground you found the land called for lying on the west, then you must go to that call. If you find the call on the east is something different and the call on the south is a mistake, it does not compel, nor does it excuse you, if you disregard the calls on the other

two sides.   It is a true principle of law that you must begin where there is an admitted corner or call.   If others are disputed you must start from an admitted call or corner and locate the land from that in a way that answers the most of the calls in the levy.   Two of these calls are satisfactorily answered; that is undisputed by the testimony in the case.   Two of them are not answered; that is evidently a mistake by the sheriff as to the location of this land in that direction; but that does not require us, nor does it excuse us for disregarding the other two calls which are on the ground.

It is admitted that if the call for David Price on the north were to be started there, and the land located from there southward, and the call on the west of Isaac McCloskey were to be taken as found, then it would cover the land in dispute.   But another point is raised by plaintiff's counsel in this case, and that is, that because the naked legal title to this disputed piece still remained in Isaac McCloskey, therefore the sheriff must have known that fact and must have intended that as a call on the west, although it does lie, in point of fact, on the north.

We do not agree with that contention.   We think that would not be a proper construction to put upon the undisputed facts of this case.   We do not think it would be right to take this land from the defendant upon a construction of that kind, upon the mere fact that the naked legal title was still in Isaac McCloskey, although the plaintiff (Solomon Stroup) was in undisturbed possession of this land.   In our judgment this would be sufficient to justify the court in directing you to find a verdict for the defendant.

There are also other undisputed facts in this case.   The fact that after the purchase of this land by Solomon Stroup (plaintiff) he used and occupied it with his other land, fencing it up with as much more, or, according to the testimony of the witnesses, "almost as much" as was in this disputed piece, and farming the two together as one part, or original farm.   In our judgment that would control to the extent of the levy and sale, if there was nothing else, no calls; or if the land was simply described, 25 acres, more or less, situated in Karthaus township.   We do not look for that degree of accuracy in a sheriff's levy that we do in a deed made by a conveyancer; and we must extend or limit the location of the land described in the levy according to the calls and marks on the ground, where any are

given. Taking these calls as given in this levy, and applying them to the location, with David Price on the north, and Isaac C. McCloskey on the west, the conclusion comes to our mind irresistibly that this land is within the limits of the sheriff's levy, and, being so, that your verdict must be for the defendant.

It is contended further on the part of the plaintiff that the defendant himself did not believe and had no idea that these 6 acres and 80 perches of land were contained within the limits of the land and the deed that he received from the sheriff; that subsequently, by his declarations verbally and in writing, he said so. These declarations or admissions are not sufficient in law, admitting them to be true, to estop him (defendant) from claiming what is within the limits of the levy, whatever this levy and sale conveyed to him. It is not necessary to give any reasons why that is true, but they do not, in our opinion, constitute an estoppel, or deprive him of the right of asserting ownership of these 6 acres and 80 perches of land if it is included in the levy and sale, as we have already instructed you, in our opinion.

[The plaintiff submitted certain propositions of law, to which we will put our answers in writing, but for the purpose of this case, so far as you are concerned, we instruct the clerk to take your verdict for the defendant.]

Plaintiff's points:

[1. Whether the land in dispute was included in the sheriff's levy and deed is a question of fact for the jury, to be determined under all the evidence in the case.

Answer: This is true as a principle of law, but not under the undisputed evidence of the cause, as the calls of David Price on the north, and Isaac McCloskey on the west, correspond with the levy and must control the location.]

[2. In determining this question, all of the calls in the sheriff's levy and deed are to be kept in view, and that location adopted which will answer the most of them.

Answer: Affirmed as a true principle of law; but if some of the calls are a mistake, we must then locate it so as to answer the calls that are found on the ground.]

[3. If the jury believe from the evidence that the 6 acres and 80 perches in dispute were not included in the sheriff's levy and deed, then the sheriff's sale passed no title to McCloskey and the verdict must be for the plaintiff.

Answer: Affirmed as a correct statement of the law, but its application to this case is denied.]

[4. If the jury believe from the evidence that the call in levy and deed for public road on the east, and Isaac McCloskey on the south, is a mistake, and the call for David Price on the north is also a mistake of like character, and all of the calls are reasonably answered by the Hertzog piece on the east, in possession of David Price, the public road to the south, Isaac C. McCloskey on the west, and the land in dispute (the legal title to which was in Isaac C. McCloskey) on the north, and that these boundaries would not include the land in dispute, the verdict must be for the plaintiff.

Answer: This would be true if it was a fact that the call for David Price on the north was a mistake; but this not being so, but being found on the ground as called for in the levy, we refuse to affirm the point for that reason.]

[5. The declarations of McCloskey made after the sale, as to what was included in the levy and sale, if the jury believe such declarations were made, while they may not estop him from asserting his title, are still to be regarded by the jury in connection with the other testimony in determining the main question, whether the land in dispute was included or not.

Answer: Under the evidence in the cause we decline to affirm this point.]

[6. The $5 mentioned in the contract, which was to be paid for the deed, is no part of the purchase money; and the purchase money, $60, having been paid and receipted on the contract, the defendant was bound to make the deed, unless relieved from doing so by his purchase at sheriff's sale.

Answer: It does not appear that this question is material in the view we take of this case; and we decline to so instruct you.]

[If the court refuse to instruct the jury as asked in the preceding point, then

7. If the jury believe that the $5 for the deed was tendered or offered, as testified to by Mrs. Stroup, Fred Stroup, and Jerry Gaines, then defendant was bound to make the deed, unless relieved from doing so by his purchase at sheriff's sale.

Answer: We would affirm this point if it was material to the determination of the issue.]

[8. In determining whether the land in dispute was included

in the sheriff's levy, the jury are to be governed by the calls for adjoiners; and if they believe from the evidence that the sheriff was mistaken in the points of the compass in making the levy, and that the calls are not reasonably answered by what is found on the ground in the directions stated, and are reasonably answered by said calls in the directions which they believe the sheriff intended, and that the directions stated and adjoiners called for are inconsistent and cannot be reconciled, it is the duty of the jury to disregard the directions stated and determine the question by the adjoiners actually intended and called for.

Answer: We instruct you that the sheriff's return may not be contradicted by saying that he meant east, where he called for David Price on the north; that there is not sufficient evidence to justify us in saying to you what is requested in this point, and we therefore decline to so instruct you.]

The plaintiff offered to prove on cross-examination of defendant's surveyor that with the exception of a discrepancy as to the points of the compass the location of the 25 acres answered the call of the levy. The offer was rejected.

Plaintiff offered to prove declarations of defendant on his way to the sale, that the land in dispute was not included in the levy and advertisement. This offer was rejected.

He offered the seated assessments to show that the assessment of defendant after the sheriff's sale was for 25 acres. This offer was rejected.

He also offered to prove who was in possession of the Hertzog piece of land on the east at the time of the levy and sale. This offer was rejected.

Plaintiff took this writ, assigning for error the portion of the charge and the answers to the points indicated by above brackets; also the rejection of the evidence.

*Murray & Gordon,* for plaintiff in error.—A party is entitled to bring out every circumstance relating to a fact which an adverse witness is called to prove. Bank v. Fordyce, 9 Pa. 277, 49 Am. Dec. 561; Jackson v. Litch, 62 Pa. 456.

A party may cross examine as to the *res gestæ* given in evidence, although it be new matter. Markley v. Swartzlander, 8 Watts & S. 172.

A call may be shown to be a mistake, by the work on the ground. Caldwell v. Holler, 40 Pa. 167.

Where there are conflicting calls, that location should be made which will answer most of them. Hagerty v. Mathers, 31 Pa. 357.

To what particular piece of land descriptive words in a deed refer is a question for the jury. Naglee v. Ingersoll, 7 Pa. 185.

The construction of written instruments is undoubtedly the exclusive province of the court, and the *quantum* of estate conveyed by a deed is referable to the judge alone; but where that estate is situate, what are its limits and contents, must frequently depend upon evidence *dehors* the writing; and thus it is often a pure question of fact, or of law and fact compounded, upon which a jury must be called to pass. Collins v. Rush, 7 Serg. & R. 147; Hoffman v. Danner, 14 Pa. 25; Shoemaker v. Ballard, 15 Pa. 94; Hetherington v. Clark, 30 Pa. 396; Susquehanna Boom Co. v. Finney, 58 Pa. 208; Scott v. Sheakly, 3 Watts, 50; Atkinson v. Cummins, 9 How. 479, 13 L. ed. 223.

*Frank Fielding,* for defendant in error.—The levy on the tract generally would embrace whatever interest the defendant had in it, unless there was something else in the levy restricting it to a particular part or share of the land. Inman v. Kutz, 10 Watts, 90.

In levies of real estate upon execution more laxity of description is allowed than in deeds of conveyance; it is sufficient if the terms used show what was intended to be levied on. Where doubtful expressions are employed, the construction should be favorable to the plaintiff, to enable him to obtain payment of his debt from the property of his debtors. Ibid.; Wright v. Chestnut Hill Iron Ore Co. 45 Pa. 482.

If the owner of a tract of land purchase a small piece of land adjoining it, for the purpose of using it with the larger tract, he thereby makes it a part of the whole; and a levy and sale by the sheriff of the tract of land, without any description of the part purchased, will convey the whole to the purchaser. Buckholder v. Sigler, 7 Watts & S. 155.

Levying upon anything less than one whole tract or lot of land, with the appurtenances, is clearly against the act of assembly. Snyder v. Castor, 2 Binn. 216, note *a.*

One who accepts part of the purchase money arising out of a

sheriff's sale is estopped from denying the validity of the sale. Stroble v. Smith, 8 Watts, 280.

PER CURIAM:

Whether the land in contention was included in the levy and deed was a question of fact. It was to be ascertained by the language used and by the adjoiners called for. The jury were correctly instructed that the points of the compass specified were to yield to the adjoiners actually intended and called for. We see no error in the charge, answers to the points, or in the rejection of evidence.

Judgment affirmed.

Motion for reargument May 16, 1887.

PER CURIAM:

We have again examined and considered this case.

We think all the evidence insufficient to change the manifest intent of the sheriff, in making the levy, to include all the land in question. A verdict different than the one ordered by the court ought to have been set aside.

Such being our conclusion, the binding instruction given to the jury constitute no just cause for reversing the judgment.

Judgment affirmed.